# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DUNCAN GOLF MANAGEMENT dba
Lakeridge Golf Course, SAMANTHA
BEAUCHAMP,

      Plaintiffs

v.

NEVADA YOUTH EMPOWERMENT
PROJECT, et al.,

      Defendants

Case No.: 3:23-cv-00666-ART-CSD

**Order**

Re: ECF No. 134

Plaintiff Samantha Beauchamp has filed an emergency motion for a partial stay of the court's order granting the motion to compel filed by defendants Amtrust North America, Inc. and Wesco Insurance Company (collectively Amtrust/Wesco) and requiring the production of documents responsive to request for production number 3 by July 17, 2024. (ECF No. 134.) Plaintiff Duncan Golf Management dba Lakeridge Golf Course (Duncan) joined in the emergency motion. (ECF No. 135.)

On July 10, 2024, the court issued an order requiring Amtrust/Wesco to file a response to the emergency motion by July 19, 2024, and gave Plaintiffs until July 26, 2024, to file any reply. The court also temporarily stayed the deadline to produce documents responsive to request for production number 3 pending a hearing and disposition on the emergency motion. (ECF No. 138.) Before that order was docketed, Amtrust/Wesco filed a "qualified non-opposition" to Beauchamp's emergency motion. (ECF No. 137.)

In light of the filing of the "qualified non-opposition," the court withdraws its order at ECF No. 138.

Amtrust/Wesco are correct that they filed motions to compel as to both Plaintiff Beauchamp (ECF No. 93) and Plaintiff Duncan (ECF No. 96). Both sought to compel further responses to request for production number 3, among others. Request for production number 3 to Plaintiff Beauchamp sought all written and digital communications between anyone on behalf of Plaintiff and Duncan's counsel (McCormack Barstow and/or Keating Law Group) from September 1, 2019, and the present. (ECF No. 93 at 16.) Request for production number 3 to Plaintiff Duncan sought all written and digital communications by anyone on behalf of Duncan and Coulter Harsh Law (Beauchamp's counsel) between September 1, 2019, and the present. (ECF No. 96 at 15-16.)

At the June 17, 2024, hearing, the court granted each of the motions to compel as to request for production number 3, among other items, and each of the Plaintiffs was required to supplement their response to request for production number 3. (ECF No. 108 at 2.)

Any objection to the order was required to be filed within 14 days, or by July 1, 2024. 28 U.S.C. § 636(b)(1)LR IB 3-1(a). Beauchamp timely filed a partial objection to the court's order addressing request for production number 3. (ECF No. 126.) On July 2, 2024, 15 days after the court issued its June 17, 2024, order regarding request for production number 3, Duncan filed a joinder to Beauchamp's objection. (ECF No. 129.) This is not a timely objection to the court's order on behalf of Duncan.

On July 9, 2024, Beauchamp filed her emergency motion to stay the deadline for Beauchamp to provide a supplemental response to request for production number 3 (currently set

for July 17, 2024), given that her objection will not likely be disposed of before that date. (ECF No. 134.)[1] The next day, Duncan filed a joinder to the emergency motion to stay. (ECF No. 135.) Amtrust/Wesco filed their response on July 10, 2024. (ECF No. 137.)

The court will grant Beauchamp's emergency motion for a partial stay of the court's order granting the motion to compel filed by Amtrust/Wesco requiring the production of documents responsive to request for production number 3 by July 17, 2024. The requirement to produce documents responsive to request for production number 3 is stayed as to *Beauchamp only* as she is the only party that timely filed an objection to the court's order. The obligation to provide a supplemental response is only stayed pending a disposition by District Judge Traum on Beauchamp's objection. As Duncan did not timely object to the court's order to provide a supplemental response to request for production number 3, Duncan remains obligated to provide its supplemental response by July 17, 2024.

The court might be willing to reconsider the scope of the production in response to request for production number 3 in terms of the timeframe, but neither Plaintiff has sought reconsideration, and the court will not consider such a request absent a good faith effort to meet and confer to resolve this issue.

Finally, Amtrust/Wesco argue they will be prejudiced by any stay of Beauchamp's obligation to provide a supplemental response to request for production number 3 unless there is

---

[1] One of the issues raised in Beauchamp's motion is that communications responsive to request for production number 3 (or at least some of them) are subject to the common interest privilege. The court notes, however, that neither Beauchamp nor Duncan raised that as an objection to request for production number 3. (ECF Nos. 93 at 16, 96 at 15-16.) Nor did either Plaintiff raise this an argument in their response to Amtrust/Wesco's motion to compel. (ECF Nos. 98, 101.) There is no indication that Plaintiffs met and conferred with Amtrust/Wesco regarding the applicability and timing of the common interest privilege. Finally, neither Plaintiff sought reconsideration of the court's order insofar as the timeframe of the production of documents in response to request for production number 3 is concerned.

an extension of the existing scheduling order deadlines. If Amtrust/Wesco believes an extension of the scheduling order deadlines is appropriate, it may file a stipulation or motion for an extension of the deadlines that conforms with the Local Rules.

## CONCLUSION

The court's order at ECF No. 138 is **WITHDRAWN**.

Beauchamp's emergency motion (ECF No. 134) is **GRANTED** as to **Beauchamp only**. Beauchamp's obligation to provide a further response to request for production number 3 by July 17, 2024, is stayed pending a disposition of her objection by District Judge Traum. Duncan remains obligated to provide a further response to request for production number 3 by July 17, 2024.

If any party seeks an extension of the scheduling order deadlines, they may file a stipulation or motion in conformity with the Local Rules.

**IT IS SO ORDERED**.

Dated: July 11, 2024

_____
Craig S. Denney
United States Magistrate Judge