# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DUNCAN GOLF MANAGEMENT dba Lakeridge Golf Course, SAMANTHA BEAUCHAMP, | Case No.: 3:23-cv-00666-ART-CSD |
| Plaintiffs | **Order** |
| v. | Re: ECF Nos. 85, 86, 88, 110, 128 |
| NEVADA YOUTH EMPOWERMENT PROJECT, et al., | |
| Defendants | |

Defendants Amtrust North America, Inc. and Wesco Insurance Company (Amtrust/Wesco) have filed motions for an order to show cause re: contempt or for an order to produce documents pursuant to a subpoena duces tecum against non-parties Financial Pacific Insurance Company (FPIC) and United Fire Group. (ECF Nos. 85, 86[1], 88.) FPIC United Fire & Casualty Company (UFCC)[2] filed a response to Amtrust/Wesco's motion and a countermotion to quash the subpoenas. (ECF Nos. 110, 110-1 to 110-10.) Amtrust/Wesco filed an opposition to FPIC and UFCC's motion to quash. (ECF No. 127.)

Amtrust/Wesco also filed an objection and motion to strike the declaration of counsel filed in support of FPIC and UFCC's response and motion to quash. (ECF No. 128.) The motion

---

[1] ECF No. 86 appears to be duplicative of ECF No. 85, and therefore, will be stricken by the court.

[2] In the response, the non-parties assert that the designation of the corporate entity by Amtrust/Wesco as United Fire Group is incorrect as United Fire Group is a holding company, and the insurance company is UFCC; therefore, this Order will refer to UFCC.

was served on FPIC's and UFCC's counsel via CM/ECF; however, FPIC and UFCC have not filed a response to the motion to strike.

Local Rule 26-6 as well as the court's Civil Standing Order require the moving party to make a good faith effort to meet and confer as defined in Local Rule IA 1-3(f) before filing a discovery motion. The discovery motion must include a declaration setting forth the details and results of the meet-and-confer conference.

Neither of Amtrust/Wesco's motions include a declaration regarding efforts made to meet and confer with counsel for FPIC and UFCC before filing the motions. The court has cautioned counsel multiple times to take their meet and confer obligations seriously. In light of the failure to do so, Amtrust/Wesco's motions as well as the countermotion to quash filed by FPIC and UFCC will be denied without prejudice and counsel for Amtrust/Wesco will be directed to meet and confer with counsel for FPIC and UFCC as well as counsel for Duncan Golf Management dba Lakeridge Golf Course (Duncan) regarding the issues raised in these motions concerning the subpoenas issued to FPIC and UFCC.

### III. CONCLUSION

Amtrust/Wesco's motion at ECF No. 86 is **STRICKEN** as duplicative of ECF No. 85.

Amtrust/Wesco's motions at ECF Nos. 85 and 88 and FPIC/UFCC's countermotion to quash at ECF No. 110 are **DENIED WITHOUT PREJUDICE**. Counsel for Amtrust/Wesco and counsel for FPIC and UFCC as well as counsel for Duncan are required to meet and confer to attempt to resolve the issues raised in ECF Nos. 85, 88 and 110. Any meet and confer must take place in person, via telephone or via videoconference. Emails, letters, or text messages are insufficient to satisfy the meet and confer requirements, although these mechanisms may be used after any meet and confer session to confirm in writing what transpired. Counsel for

Amtrust/Wesco, FPIC and UFCC, and Duncan shall provide a joint status report on or before **August 1, 2024** concerning the results of the meet and confer efforts. If the parties are unable to resolve the issues related to the FPIC/UFCC subpoenas, the court will order counsel to appear for a hearing in person at the District Court in Reno, Nevada, which will be preceded by a further meet and confer session at the courthouse.

Amtrust/Wesco's motion to strike (ECF No. 128) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: July 18, 2024

_____
Craig S. Denney
United States Magistrate Judge