UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DUNCAN GOLF MANAGEMENT dba LAKERIDGE GOLF COURSE and SAMANTHA BEAUCHAMP, Assignee and Real Party in Interest,<br><br>Plaintiffs<br><br>v.<br><br>NEVADA YOUTH EMPOWERMENT PROJECT, et al.,<br><br>Defendants | Case No.: 3:23-cv-00666-ART-CSD<br><br>**Order**<br><br>Re: ECF No. 149 |

Before the court is a motion for reconsideration filed by Defendants Amtrust North America, Inc. and Wesco Insurance Company (collectively, Amtrust/Wesco). They seek reconsideration of the court's order at ECF No. 145, denying without prejudice Amtrust/Wesco's motion for an order to show cause regarding subpoenas issued to third parties Financial Pacific Insurance Company (FPIC) and United Fire and Casualty Company (UFCC). (ECF No. 149.)

FPIC/UFCC filed a response. (ECF No. 156.) Plaintiff Duncan Golf Management (Duncan Golf) filed a joinder in the response. (ECF No. 157.) Amtrust/Wesco filed a reply. (ECF No. 159).

**I. BACKGROUND**

Amtrust/Wesco filed motions for an order to show cause re: contempt or for an order to produce documents pursuant to subpoenas issued to FPIC and UFCC. (ECF Nos. 85, 86, 88.) FPIC/UFCC filed a response and counter-motion to quash the subpoenas. (ECF No. 110.) Amtrust/Wesco opposed the motion to quash. (ECF No. 127.)

The court issued an order denying the motions without prejudice, and ordered counsel for Amtrust/Wesco, FPIC/UFCC and Duncan Golf to meet and confer in good faith pursuant to Local Rule 26-6 and the court's Civil Standing Order. The court required counsel to provide a joint status report concerning the results of the meet and confer efforts. The court cautioned counsel that if they were unable to resolve the issues related to the FPIC/UFCC subpoenas, the court would order counsel to appear for a hearing in person at the District Court in Reno, Nevada, which will be preceded by a further meet and confer session at the courthouse. (ECF No. 145.)

On July 26, 2024, Amtrust/Wesco filed this motion for reconsideration, arguing that a dispute concerning a subpoena issued under Rule 45 to a non-party is not subject to the meet and confer requirements, and FPIC and UFCC waived their objections by failing to timely object to the subpoenas. As such, Amtrust/Wesco ask the court to reconsider and vacate its order at ECF No. 145 and address the motions on their merits. They also ask the court to reinstate ECF No. 86 and instead strike the erroneously filed application for Order to Show Cause at ECF No. 85.

A joint status report was filed on August 8, 2024, indicating that counsel conducted a meet and confer conference on August 1, 2024. The parties agreed that FPIC/UFF would produce a portion of its claim file that is discoverable and not subject to attorney-client privilege, work product, litigation strategy or limitations pursuant to Federal Rule of Civil Procedure 26(b)(1). FPIC also agreed to provide a privilege log that identifies withheld materials, including not only privileged materials, but non-privileged materials FPIC or UFCC contend are not discoverable. Amtrust/Wesco reserved the right to seek further documents as set forth in their motion for reconsideration. FPIC and UFCC agreed to produce the documents and privilege log by August 9, 2024. (ECF No. 155.)

# II. DISCUSSION

The Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders. "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and citation omitted) (emphasis omitted); *see also* LR 59-1(a). This inherent power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." *Id*. at 887.

Motions for reconsideration are disfavored. LR 59-1(b). A party seeking reconsideration of an interlocutory order (a non-case dispositive order) "must state with particularity the points of law or fact that the court has overlooked or misunderstood." LR 59-1(a). "Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id*. "A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts." LR 59-1(b). "A movant who repeats arguments will be subject to appropriate sanctions." *Id*.

Preliminarily, insofar as Amtrust/Wesco provide clarification as to the duplicity among ECF Nos. 85, 86 and 88, the court will grant the motion for reconsideration to reinstate ECF No. 86 and strike ECF No. 85.

The court does not find a basis, however, to reconsider its order denying Amtrust/Wesco's motions for an order to show cause as to the subpoenas issued to FPIC/UFCC without prejudice. Regardless of whether there is an express requirement to meet and confer set forth in

3

Rule 45, the court's Civil Standing Order is clear that a meet and confer requirement exists before a discovery motion is filed with this court. The court appreciates that a meet and confer may not always be possible in a situation involving a subpoena to a third party under Rule 45 (*i.e.,* because counsel may not be involved when the subpoena is served). Such an explanation could have been given in a declaration supporting the discovery motion; however, that was not done here.

FPIC defended Duncan Golf in the underlying action in state court that Plaintiff Beauchamp filed against Duncan Golf. In this federal action, Duncan is seeking reimbursement for the costs of defense and indemnity expended in the state court action *on behalf of its insurer*, FPIC. It would not have been difficult for Amtrust/Wesco to reach out to Duncan Golf's counsel, particularly since it had served objections to the subpoena, to obtain the contact information for FPIC's counsel, if it was not already in possession of that information.

Moreover, at the time these motions were filed in June 2024, Duncan Golf had filed a motion for leave to amend (which remains pending before District Judge Traum) to name FPIC as the real party in interest. That motion represents that Duncan, "some time ago," had approached counsel for Amtrust/Wesco about stipulating to amend to add FPIC. (ECF No. 83 at 5.)

Moreover, the motions that were denied *without prejudice* no longer address the current set of facts as counsel did in fact engage in a meet and confer effort and FPIC/UFCC agreed to produce some responsive documents and provide a privilege log as to documents that have been withheld on the basis of privilege or otherwise. In addition, Amtrust/Wesco fail to address FPIC/UFCC's representation that FPIC is the entity that has the claim file at issue, not UFCC (which would obviate the need to seek reconsideration of the motion as to UFCC).

Finally, insofar as Amtrust/Wesco argue that FPIC/UFCC waived any objections, that determination turns on whether or not Duncan Golf, who did serve objections to the subpoenas, had standing to object on behalf of its insurer. The proper course at this point, is for Amtrust/Wesco to review the privilege log provided by FPIC/UFCC and meet and confer regarding any documents that Amtrust/Wesco believes were not properly withheld. The meet and confer should include a discussion regarding, if necessary, Amtrust/Wesco's argument that Duncan Golf's objections were not sufficient to preserve any asserted objections as to the production of the claims file, including those based on privilege or work product. If a dispute remains as to *specific* documents withheld by FPIC/UFCC after that meet and confer, then Amtrust/Wesco shall follow the court's Civil Standing Order and file an appropriate motion.

### III. CONCLUSION

Amtrust/Wesco's motion for reconsideration (ECF No. 149) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** insofar as the Clerk shall **REINSTATE** ECF No. 86 and **STRIKE** ECF No. 85.

The motion is **DENIED** insofar as Amtrust/Wesco seek reconsideration of the court's order denying Amtrust/Wesco's motions without prejudice and ordering counsel to meet and confer to resolve the disputes asserted in the motions.

**IT IS SO ORDERED**.

Dated: September 24, 2024

_____
Craig S. Denney
United States Magistrate Judge