UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DUNCAN GOLF MANAGEMENT, *et al.*, | Case No. 3:23-cv-00666-ART-CSD |
| Plaintiffs, | ORDER |
| v. | (ECF No. 5) |
| Nevada Youth Empowerment Project, *et al.*, | |
| Defendants. | |

Defendants Wesco and Amtrust, insurance companies for Defendant Nevada Youth Empowerment Project ("NYEP"), removed this case from the Second Judicial District of Washoe County, Nevada. Plaintiffs Duncan Golf Management ("Duncan") and Samantha Beauchamp ("Beauchamp") allege that Defendants Wesco and Amtrust owe them a duty to indemnify and damages, respectively, for injuries suffered by Beauchamp at the Big Hunt Golf Tournament in 2019. Defendants Wesco and Amtrust removed this action to federal court based on diversity jurisdiction, arguing that NYEP, a Nevada citizen, was fraudulently joined. Now pending before the Court is Plaintiff Beauchamp's motion to remand. (ECF No. 5.) For the reasons stated, the Court finds that NYEP was not fraudulently joined, grants Plaintiff Beauchamp's motion to remand the case to the Second Judicial District of Washoe County, Nevada, and denies all other pending motions as moot.

I.     **FACTUAL AND PROCEDURAL HISTORY**

This case is an insurance dispute over the bill for injuries suffered by Samantha Beauchamp at the 2019 Big Hunt Open golf tournament.

In April 2019, non-parties Rudy Grant ("Grant") and Charles Kazemi ("Kazemi") started planning a charity golf tournament that would become the Big Hunt Open. (ECF No. 161-1.) They chose a golf course, Lakeridge, owned by Duncan. (*Id.*) A few weeks before the tournament, Blake Hinkle, sales director of

1

Duncan, told Grant that the sponsors needed to either obtain one million dollars of insurance covering Duncan or pay Duncan $100, presumably for Duncan to obtain additional insurance. (ECF No. 160-2.) Grant or Kazemi told this to DuPea. (*Id.*) DuPea offered to obtain the insurance and asked her insurer, nonparty Alpine, for a "waiver." (ECF No. 1.) Alpine sent DuPea NYEP's certificate of insurance, then DuPea forwarded it to Grant and Kazemi. (ECF No. 20-4.) Grant sent the certificate of insurance to Blake, who removed the $100 charge. (ECF No. 160-3.)

Defendants assert that DuPea agreed only to provide proof that NYEP volunteers at the event were covered by NYEP's insured. (ECF No. 161.) Plaintiffs assert that DuPea intended to provide the coverage sought by Duncan as communicated to her by Grant and Kazemi. (ECF No. 160-2.)

At the tournament, Plaintiff Samantha Beauchamp suffered a serious injury. (ECF No. 1-2.) Beauchamp sued Duncan in state court. (*Id.*) In 2021, Duncan's insurer sought indemnification from NYEP's insurer, Defendant Wesco, a subsidiary of Defendant Amtrust. (ECF No. 15-1.) Wesco and Amtrust declined. (ECF No. 77-5.) In a bench trial in 2023, the court found Duncan liable for Beauchamp's injuries. (ECF No. 5.) Duncan and Beauchamp then settled and prepared to seek indemnity and damages from Wesco and Amtrust. (ECF No. 1.)

Beauchamp and Duncan together sued Amtrust and Wesco in the Second Judicial District Court for Washoe County, Nevada. (ECF No. 1-2.) Duncan also named and made claims against NYEP. (*Id.*) Duncan, Beauchamp, and NYEP are Nevada citizens. (*Id.*) Defendants Amtrust and Wesco are not. (*Id.*) Duncan sued Amtrust and Wesco seeking indemnification and damages and sued NYEP in the alternative for breach of contract or "detrimental reliance." (*Id.*)

Amtrust and Wesco removed the case to federal court, arguing that NYEP had been fraudulently joined because neither of the claims Duncan made against NYEP were colorable. (ECF No. 1.) Plaintiffs Beauchamp and Duncan moved to

remand. (ECF No. 5.)

## II. STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction" and possess only the power granted by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Without a federal question, federal courts may exercise diversity jurisdiction over suits for over $75,000 where each plaintiff's citizenship differs from each defendant's. 28 U.S.C. § 1332(a). A defendant may remove a case filed in state court to federal court based on diversity jurisdiction if the 1332(a) requirements are met. *Id.* U.S.C. § 1441.

Federal courts exercise a "strong presumption against removal jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "The defendant always has the burden of establishing that removal is proper," and "the court resolves all ambiguity in favor of remand to state court." *Id.*

The presence of a single non-diverse defendant is enough to destroy diversity jurisdiction, but if the court finds that a joinder of a non-diverse defendant is fraudulent, then "the defendant's presence in the lawsuit is ignored for purposes of determining diversity." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

A defendant may show fraudulent joinder by providing clear and convincing evidence that the defendant at issue "cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "If there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (cleaned up) (emphasis in original).

Courts may consider summary judgment-type evidence such as deposition testimony when deciding whether a defendant is fraudulently joined. *See Morris*,

236 F.3d at 1068 (citing *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir.1995)).

## III. DISCUSSION

### A. Plaintiff Duncan Has a Possible Claim Against NYEP.

Plaintiff Duncan need only have a possible claim against NYEP to show that its joinder was not fraudulent. Defendants argue that Duncan's complaint fails to state viable claims for breach of contract and "detrimental reliance" against NYEP. (*See* ECF No. 1-2.) Defendants argue that Duncan has not shown, nor could it show, the existence of a contract between Duncan and NYEP. Additionally, Defendants argue that no independent cause of action for detrimental reliance exists under Nevada law, and that Duncan has no claim against NYEP under equitable causes of action for which detrimental reliance is an element, like promissory estoppel or equitable estoppel. (*See* ECF Nos. 15, 18, 44, 45, 67.)

Duncan may refute fraudulent joinder by showing that they could amend their complaint to add a possible claim against NYEP. When applying the possible-claim standard for fraudulent joinder, a "district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550. At the hearing, counsel for Plaintiffs listed additional possible claims against NYEP that they would seek to add to the complaint if given leave to amend. The Court must grant the motion for remand if a state court could possibly find a claim against NYEP under any of them. *Id.* at 548 (cleaned up). In this procedural posture, "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042.

### B. Duncan May Have a Breach of Implied Contract Claim.

Duncan contends that even if there is no written contract between it and NYEP, it could allege that NYEP breached an implied contract. The elements of a

4

1  contract are offer, acceptance, meeting of the minds, and consideration. *May v.
2  Anderson*, 119 P.3d 1254, 1257 (Nev. 2005). "The terms of an express contract
3  are stated in words while those of an implied contract are manifested by conduct."
4  *Smith v. Recrion Corp.*, 541 P.2d 663, 664 (Nev. 1975). Both types of contracts
5  require an intent to contract. *Id.* (citing *Horacek v. Smith*, 199 P.2d 929 (Cal.
6  1948)). "In an implied contract, such intent is inferred from the conduct of the
7  parties and other relevant facts and circumstances." *Warrington v. Empey*, 590
8  P.2d 1162, 1163 (Nev. 1979).

9      Resolving all ambiguities and inconsistencies in favor of Plaintiffs, Duncan
10 could possibly state a claim for breach of an implied contract. Duncan offered to
11 reduce the fee paid by sponsors by $100 if the sponsors provided additional
12 insurance. The $100 reduction apparently benefitted NYEP, the tournament
13 beneficiary, by increasing the amount of return it would receive from the event.
14 (*See* ECF No. 18.) Duncan communicated this offer to DuPea through Grant and
15 Kazemi. DuPea accepted the offer by telling Grant and Kazemi that she would
16 provide insurance. Enough evidence, though disputed, suggests that DuPea
17 knew the terms of this exchange, satisfying the meeting of the minds. (*See, e.g.,*
18 ECF No. 20-4 ("Monica this saves us some money, thank you so much! :) … Rudy,
19 can you forward onto Blake to get that $100 policy removed from the final
20 invoice?") Duncan's consideration was the applied $100 discount based on the
21 sponsors' provision of the insurance policy. DuPea represented performance by
22 forwarding emails from Alpine with the certificate of insurance, and Duncan
23 performed by removing the $100 fee for the sponsors. Plaintiffs' claims in the
24 alternative allege that DuPea inadvertently breached by not ensuring that she
25 actually obtained the correct insurance and that Duncan suffered damages as a
26 result of that breach. This is enough to state a possible claim for breach of an
27 implied contract.
28     //

5

**C. Duncan May Have a Negligent Misrepresentation Claim.**

Duncan also may be able to state a claim against NYEP for negligent misrepresentation. Nevada uses the standard for negligent misrepresentation from the Restatement (Second) of Torts. The Restatement provides that a defendant who, in the course of a business transaction in which she has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused by the plaintiff's justifiable reliance upon the information, if the defendant fails to exercise reasonable care or competence in obtaining or communicating the information. *See Halcrow, Inc. v. Eighth Jud. Dist. Ct.*, 302 P.3d 1148, 1153 (2013), *as corrected* (Aug. 14, 2013). This claim is only available in the context of business transactions and may only be used for claims akin to recovery of lost property. *Reynolds v. Tufenkjian*, 461 P.3d 147, 153 (2020) (citing (citing *Barmettler v. Reno Air, Inc.,* 956 P.2d 1382, 1387 (1998)).

Resolving all factual disputes in favor of remand, Duncan could state a claim for negligent misrepresentation against NYEP. NYEP had a pecuniary interest in the golf tournament. DuPea represented to Grant and Kazemi that NYEP had insurance for the tournament, which Grant and Kazemi then sent to Duncan to reduce their fee. DuPea's representation amounted to false information for guidance in a business transaction that led Duncan, or its real party in interest, to lose money. Without the proof of insurance from NYEP, Duncan would have charged the sponsors a $100 fee, presumably to cover the cost of obtaining additional insurance for the event. Duncan could allege that DuPea failed to exercise reasonable care or competence in representing that NYEP had or would obtain insurance to cover the event.

No binding precedent forecloses the "possibility" that Plaintiffs could state a claim for negligent misrepresentation against NYEP. *See Grancare, LLC*, 889 F.3d at 549. Defendants contend that Duncan was not justified in relying on the

certificate of insurance that DuPea provided. Defendants cite NRS 687.460(1)-(2) and four non-precedential decisions to insist that any reliance on a certificate of insurance is legally invalid. *See Multicare Health Sys. v. Lexington Ins. Co.*, 539 F. App'x 768, 770 (9th Cir. 2013)); *Prime Ins. Syndicate, Inc. v. Concepcion*, No. 206-CV-00884-KJD-LRL, 2008 WL 682412, at *3 (D. Nev. Mar. 6, 2008); *T.H.E. Ins. Co. v. Boise Hot Air, Inc.*, 593 F. Supp. 3d 1008, 1014 (D. Nev. 2022); *Empire Fire & Marine Ins. Co. v. Bell*, 55 Cal.App.4th 1410, 1423 n. 25 (Ct. App. 1997). NRS 687.460(1)-(2) states that a certificate of insurance does not constitute any part of the contract or policy of insurance and does not amend any term or alter or extend any coverage, exclusion, or condition of the contract. But that statute does not explicitly state that reliance upon a certificate of insurance or the policy it represents can never be justified. Neither the statute nor non-precedential decisions foreclose a possible claim for negligent misrepresentation.

Because the Court resolves ambiguity in favor of remand, *Hunter*, 582 F.3d at 1042, it finds that Duncan could allege a claim against NYEP for negligent misrepresentation based on its assertion that it justifiably relied on DuPea's representation that NYEP had or would obtain insurance to cover the event.

**IV. CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Remand (ECF No. 5) is GRANTED.

IT IS FURTHER ORDERED that all pending motions be rendered moot.

The Clerk of the Court is directed to remand the case to the Second Judicial District Court for Washoe County, Nevada and close the case.

DATED THIS 28th day of September 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE